## McLAUGHLIN v. ROSENBLOOM.

(Supreme Court, Appellate Term. January 7, 1909.)

1. APPEAL AND ERROR (§ 931*)—REVIEW—PRESUMPTIONS.

In an action on a note for $50, where defendant admitted the making, delivery, and nonpayment, and counterclaimed for $45, and plaintiff introduced an assignment of the note to him over objection, and judgment was rendered for defendant, it will be presumed on appeal that the assignment was wholly disregarded by the court, and that he considered his overruling of the objection to it as error, since, if he had considered it as evidence, it would have been conclusive of plaintiff's claim, and he should have recovered for at least $5.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3765, 3766; Dec. Dig. § 931.*]

2. COURTS (§ 189*)—PROCEDURE IN MUNICIPAL COURT—DISMISSAL.

In a Municipal Court action on a note, if plaintiff does not prove his cause of action because of the insufficiency of an assignment thereof to him, the complaint should be dismissed without prejudice to a new action under the express provisions of Municipal Court Act (Laws 1902, p. 1561, c. 580) § 248, subd. 4, and it is error to render judgment against him on the merits.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 409; Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Charles B. McLaughlin against Hyman Rosenbloom. Judgment for defendant, and plaintiff appeals. Reversed, and new trial granted.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Harry S. Stewart, for appellant.
Aaron J. Levy, for respondent.

FORD, J. This is an action on a promissory note for $50. Defendant admits the making and delivery, and nonpayment, and sets up a counterclaim for $45. Plaintiff introduced in evidence a writing, which was admitted over defendant's objection and exception, as an assignment to plaintiff of the note. At the close of the case decision was reserved, and judgment for the defendant subsequently rendered.

To support the judgment it must be assumed that the learned trial justice disregarded the assignment, undoubtedly on the ground that its execution was not in proper form to entitle it to be received in evidence in this state, and that he erred in overruling the objection to it; for, if he had considered it as evidence, it was conclusive as to the plaintiff's claim, and judgment for at least $5 should have been awarded to plaintiff, even if the full amount of defendant's counterclaim of $45 had been allowed. So the only alternative is that it was wholly disregarded.

With the assignment thus excluded from the evidence, the most that the trial judge should have done was to dismiss the complaint without prejudice to a new action, as provided in subdivision 4 of section 248 of the Municipal Court act (Laws 1902, p. 1561, c. 580).

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Instead of so disposing of plaintiff's claim, he rendered a judgment which on its face is an adjudication of plaintiff's alleged cause of action upon the merits.

As to defendant's counterclaim, the form of the judgment raises the presumption that upon it judgment was given against the defendant; but, since the record does not make clear just what considerations induced the judgment, I am of opinion that a new trial of all the issues involved should be had.

The judgment appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.